```
        IN THE UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF ARKANSAS
                 EASTERN DIVISION
```

RICHARD BURT                                              PETITIONER

vs.              Civil Case No. 2:06CV00006 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                               RESPONDENT

MEMORANDUM AND ORDER

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Richard Burt, an inmate of the Federal Correctional Institution (FCI) in Forrest City, Arkansas, who is serving a sentence of twelve months from the United States District Court in the Southern District of Alabama, because of the revocation of his supervised release on September 15, 2005. He is scheduled for release from confinement on July 14, 2006. Petitioner does not challenge his revocation or his original conviction or sentence. His only claim in this petition is his challenge to the Bureau of Prison's (BOP) interpretation of 18 U.S.C. § 3624(c),[1] the statute

---

[1] That statute provides as follows:

c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

that governs the transfer of inmates to community correctional centers (CCCs) prior to their release from imprisonment. He contends he is entitled to serve the last six months of his sentence in a CCC, but the BOP interprets the statute to allow him to be transferred to a CCC only during the last thirty days of his sentence.

This is one of several cases before this court addressing the same issue. See Jones v. Sanders, NO. 2:05CV00047 (E.D.Ark.June 7, 2005), and Mayers v. Sanders, NO. 2:05CV00055 (E.D.Ark.June 7, 2005). In addition, Proposed Findings and Recommendations by this court regarding this issue were adopted by the Hon. George Howard, Jr., in Fults v. Sanders, NO. 2:05CV00091 (E.D.Ark. July 22, 2005), and by the Hon. J. Leon Holmes in Rodriquez v. Sanders, NO. 2:05CV00067 (E.D.Ark. Aug. 30, 2005). Respondent filed a notice of appeal on September 13, 2005, in Fults v. Sanders, USCA Case No. 05-3490.[2]

---

[2] As a district court recently observed, there is a

a growing split of authority in the federal district courts about the validity of the February 2005 rule. Some courts have invalidated the new regulation on the ground that it disregards the factors set forth in § 3621(b), and therefore suffers from the same infirmities as the December 2002 policy. See, e.g., Baker v. Willingham, No.3:04CV1923(PCD), 2005 WL 2276040 (D.Conn. Sep. 19, 2005); Wiederhorn v. Gonzales, No. 05-360, 2005 WL 1113833 (D.Or. May 9, 2005); Pimentel v. Gonzalez, 367 F.Supp.2d 365 (E.D.N.Y.2005); Paige v. United States, 369 F.Supp.2d 1257 (D.Mont.2005); Cook v. Gonzales, No. 05-09, 2005 WL 773956 (D.Or. April 5, 2005); Drew v. Menifee, No. 04-9944, 2005 WL 525449 (S.D.N.Y. Mar. 4, 2005). But a fairly equal number of courts have ruled to the contrary, concluding that the February 2005 policy reasonably interprets the enabling statute, § 3621(b), and therefore, is valid. See Charboneau v. Menifee, 05 Civ.1900(MSM), 2005 WL 2385862 (S.D.N .Y. Sep. 28, 2005); Lee v. United States, No.Civ.A. 04-0610-CG-C, 2005 WL 2179796 (S.D.Ala. Sep. 6, 2005); Hurley v. Sherrod, No.Civ.A.05CV0117LTBPAC, 2005 WL 2141490 (D.Colo. Sep. 1, 2005); Troy v. Apker, 05

The court need not set forth in detail its reasoning as to the issues decided in the above cases.  The court rejected Respondent's argument that continued limitations on transfers to CCCs under a new regulation that went into effect on February 14, 2005, at 28 C.F.R. § 570, are a "categorical exercise" of its discretion and do not conflict with Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004).  Instead, this court agreed with a recent decision from the Eastern District of New York, which found this new regulation "in no way furthers or interprets" the factors set forth in § 3621(b) that were intended to inform the BOP's decision-making with regard to CCC placement. Pimentel v. Gonzalez, 367 F.Supp.2d 365, 374-75 (E.D.N.Y May 3, 2005).  This court concluded that, although the BOP labeled the rule a "categorical exercise of discretion" it did not exercise its discretion at all, but merely re-packaged the December 2002 blanket rule that was rejected in Elwood.  The court adopts the reasoning in its previous orders and recommendations and finds the Petitioner is

---

Civ. 1306(GEL), 2005 WL 1661101 (S.D.N.Y. June 30, 2005) (finding that the BOP has the authority to categorically exercise its discretion regarding CCC transfers and upholding the validity of the February 2005 rule); Moss, 376 F.Supp.2d 416 (same); Yip, 363 F.Supp.2d 548 (same); Levine v. Menifee, 05 Civ.1902(RCC), 2005 WL 1384021 (S.D.N.Y. June 9, 2005) (same); Levine v. Apker, 05 CV 3472(CLB), 2005 WL 1417134 (S.D.N.Y. May 20, 2005) (finding "no Constitutional infirmity in the exercise of categorical discretion under the circumstances where the statute calls for individualized consideration"). See also Wiesel v. Menifee, No. 04 Civ. 9681(DAB), 2005 WL 1036297 (S.D.N.Y. May 2, 2005) (upholding the February 2005 regulations, but finding their application to petitioner, who was convicted prior to the policy change, to be a violation of the Ex Post Facto Clause).

Harris v. Federal Bureau of Prisons, 2005 WL 2562970, *8 (D.N.J. October 6, 2005).

entitled to relief.

The court in <u>Elwood</u> did not rule the petitioner had a right to be transferred to a CCC. It merely ruled he had a right to be considered for such a transfer in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy. That is all the relief Petitioner is entitled to here.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, granted. Respondent is directed to (a) consider within thirty days and in good faith, transferring Petitioner to a CCC for the remainder of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy; and (b) placing Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months.

SO ORDERED this 5th day of April, 2006.

_____
United States Magistrate Judge